## W. M. CARTER LUMBER CO. ET AL *v.* DEOPP.

·[70 South. 701.[

MECHANICS' LIENS. *Enforcement. Equitable jurisdiction.*

Since the aggregate amount which an owner employing a contractor to make repairs on a building can be called on to pay various materialmen, can only be ascertained after an accounting between him and the contractor, where the various materialmen bring actions at law to enforce this lien, the owner may sue in equity to compel the materialmen to propound their claims in the chancery court; the stating of the account between the owner and the contractor being a proper function of equity.

APPEAL from the chancery court of Jones county.

HON. SAM WHITMAN, Jr., Chancellor.

Suit by L. E. Deopp against the W. M. Carter Lumber Company and others. From a decree overruling a demurrer to the bill, defendants appeal.

Appellee, the owner of a building, contracted with one Russell to make repairs on same. Appellants furnished Russell with the material used in the performance of the contract, and, not receiving payment for the material from Russell, they instituted their several separate suits against appellee setting up a materialman's lien. Thereupon appellee filed his bill in chancery against the appellants, and also against Russell, the contractor, to restrain them from prosecuting further their suits in the courts of law, alleging that the prosecution of the several suits would unnecessarily harass him, and that the appellants be required to propound their claims in the chancery court, and prayed an accounting with Russell. Appellants demurred to the bill, the demurrer was overruled, and an appeal granted.

*Halsell & Welsh,* for appellants.

SMITH, C. J., delivered the opinion of the court.

Since the aggregate amount which appellee can be called upon to pay the various materialmen, joined as

parties defendant hereto, can be ascertained only after an accounting between him and Russell, the principal defendant, the stating of which account is a proper function of a court of equity, the demurrer to the bill was properly overruled.

Affirmed and remanded, with leave to appellants to answer within thirty days after the filing of the mandate in the court below.

*Affirmed and remanded.*